**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No: 6:13-cr-022-ACC-DCI**
**6:16-cr-118-ACC-DCI**

**HEINZ ARMIN RODEGRA,**

**Defendant.**

______________________________________/

# ORDER

Before the Court are two identical papers filed by the Defendant in each of the Defendant's two pending cases. In each case, the Defendant filed (a) a letter to the Clerk of Court "Re: Request for Guidance Regarding Voluntary Appearance Before the Court"; and (b) "Defendant's Supplement to Document 77 and Renewed Request for Appointment of Counsel in Both Pending Cases." To the extent the papers are motions, they are due to be denied.

On February 6, 2013, a grand jury indicted the Defendant for making, uttering, and possessing a forged and counterfeit security in violation of 18 U.S.C. § 513(a). 6:13-cr-022-ACC-DCI at Doc. 1. The Defendant was arrested, had an initial appearance, received appointed counsel, and was released on conditions. *Id*. at Doc. 14. The Defendant requested permission to travel to Germany, and permission was denied. *Id*. at Docs. 18, 20. The Defendant then failed to appear at a scheduled hearing, and a bench warrant was issued. *Id*. at Doc. 30. Thereafter, appointed counsel withdrew. *Id*. at Doc. 36.

On June 22, 2016, a grand jury indicted the Defendant in a separate case with the criminal offense of failure to appear in court as required, in violation of 18 U.S.C. § 3146(a)(1). 6:16-cr-118-ACC-DCI at Doc. 1.

Over the years, the Court has held several status conferences in and required the government to file several status reports. In sum, the government has asserted that the Defendant is in Germany, a country where the Defendant maintains citizenship. *See, e.g.*, 6:13-cr-022-ACC-DCI at Doc. 54.

On July 24, 2026, the Defendant filed a letter to the Clerk of Court in both cases. 6:13-cr-022-ACC-DCI at Doc. 77; 6:16-cr-118-ACC-DCI at Doc. 46. In the letter, the Defendant requests guidance on how the Defendant might lawfully travel to the United States to face the charges in the pending cases.

On September 29, 2026, the Defendant filed the other paper, titled as a "supplement" and a "request," seeking that the Court appoint counsel for the Defendant under the Criminal Justice Act in both pending cases. 6:13-cr-022-ACC-DCI at Doc. 79; 6:16-cr-118-ACC-DCI at Doc. 48.

As to the letter, the Local Rules of this Court prohibit a request for relief by letter or other correspondence. *See* Local Rule 3.01(l). Regardless, neither the Court nor the Clerk of Court will provide the Defendant with guidance or advice on matters such as how to travel to the United States. As such, to the extent the letter requests relief from the Court, it is due to be denied.

As to the other filing, the Defendant states no legal basis to support a request for appointment of counsel at this juncture. While the Defendant may be eligible for appointment of counsel under the Criminal Justice Act should the Defendant appear to face these charges, the Defendant articulates no basis to appoint counsel while the Defendant is a fugitive from justice in another country. As such, the request is due to be denied.

Accordingly, it is **ORDERED** that:

1. The letters (Doc. 77 in 6:13-cr-022-ACC-DCI; and Doc. 46 in 6:16-cr-118-ACC-DCI) are **DENIED** to the extent they request relief from the Court; and
2. The other requests (Doc. 79 in 6:13-cr-022-ACC-DCI; and Doc. 48 in 6:16-cr-118-ACC-DCI) are **DENIED** to the extent they request relief from the Court.

**ORDERED** in Orlando, Florida on October 6, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE